THE GEORGIA RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* JOHN W. McCURDY, defendant in error.

1. When a railroad company, by its agents, takes the fair of a passenger to a particular station on its road, it is bound to stop at that station, that he may get off the cars; it is not sufficient that the speed of the cars is slackened. And if, after passing the station, the speed of the cars is again slackened, that the passenger may get off, and, under the direction of the conductor, he does get off, and, in so doing, gets injured, the company is liable. It is not want of ordinary care, if a passenger pru-

The Georgia Railroad and Banking Company *vs.* McCurdy.

dently uses the means which the company affords him to get off the train.

2. The jury are the proper judges of the *quantum* of damages in an action on the case against a railroad company for injuries received by passengers, and this Court will not overrule the Judge below, in refusing a new trial for excessive damage, unless the excess be manifest and gross.

Railroad Companies. Passengers. Damages. Tried before Judge HOPKINS. DeKalb Superior Court. September Term, 1871.

McCurdy paid his way to News Station, which was a wood and water station only, and the conductor agreed to put him off there. When they got there, the train was slackened ; but McCurdy, being a heavy man, was afraid to get off. He went forward to see the conductor, who angrily blamed him for not getting off, and who again slackened up for him to get off; he did get off while the train was so slackened for him, and in so doing injured his ankle.

The Court told the jury that he could not recover, if the injury was caused by his own negligence ; that if he and defendant were both negligent, and if he could not have avoided the injury caused by defendant's negligence, the plaintiff could recover ; but the damages must be apportioned according to the fault of each. The jury found for him $500 and costs. Defendant's counsel moved for a new trial, upon the grounds that the verdict was contrary to said charge, etc. The refusal of a new trial is assigned as error.

HILL & CANDLER ; HILLYER & BROTHER, for plaintiff in error.

L. J. WINN, for defendant.

McCAY, Judge.

1. The evidence is very plain that the railroad company, through its agent, the conductor, undertook to carry John W. McCurdy from Atlanta to the station referred to. This, as we think, bound them so to do. It makes no difference whether they were in the habit of doing this or not. By taking his

fare to that point, they undertook to carry him there and put him off. But on this point the evidence is rather in favor of the idea that it was the usual practice of the road to take passengers for that point. Why announce in the published rates the price from Atlanta to that point? But, as we have said, the Company undertook to carry him to that point, and to let him off there; surely the conductor is an agent authorized to make such a contract, as it is directly in the line of his business. If he were to take a fare for four miles, he would be bound to put his passenger off there, unless there was an agreement not to do so. It seems to us this settles the question; for it will not, for a moment, be contended that if they undertook to carry the passenger to a particular point and put him off, they could fulfill this undertaking by slackening the speed at that point so that the passenger might— running the risk of his life—jump off from the moving train. But they did not even do this; they passed on until notified, when the conductor ordered the train to be again slackened.

Who that has seen much railroad traveling can fail to see in his mind the picture of this scene? The conductor in a pet, his train bound to take up its speed at an unusual point; the passenger conscious that he was giving unusual trouble, the train slacks its speed; he stands ready, the conductor ready also, to give the word—now jump. None but a timid, and yet resolute man would fail, and jump he did. We are clear this was not complying with the contract. Nor can this road defend itself on the idea that it acted so badly, that with ordinary prudence the man ought to have seen it was dangerous to jump. The railroad was bound to put him off; to stop its train for this purpose. This it failed to do, and it was not want of ordinary care in the passenger to use the only means to get off the course of the defendant permitted.

2. We think the verdict of the jury *sustained* by the evidence as to the amount of the damages.

Judgment affirmed.