THE WESTERN AND ATLANTIC RAILROAD COMPANY, plaintiff in error, vs. ALEXANDER J. DRYSDALE, defendant in error.

1. Pain and bodily suffering, resulting from a *tort* to the person, may be considered by the jury in estimating damages.

2. Where the jury may, from the evidence, reasonably find that there was any aggravating circumstances, such as gross negligence in the act whereby the injury was inflicted, they may increase the damages beyond a mere compensation for the injury done; and in such a case, where the judge who tries it, refuses a new trial, the damages given must be grossly excessive before this court will interfere.

Damages. Railroads. Before Judge HOPKINS. Fulton Superior Court. April Term, 1873.

Drysdale brought case against the Western and Atlantic Railroad Company for $25,000 00 damages for injuries to his person, and for $500 00 for expenses of nursing. The declaration alleged that on October 5th, 1871, the defendant, a common carrier, contracted, for a valuable consideration, to transport him from the town of Marietta to the town of Dalton; that he entered a passenger coach of said defendant, at the point first aforesaid, for the purpose of being transported as stated; that he attempted to shut the window near which he was sitting, when a freight train passed him on a side-track, going in an opposite direction, and a standard on a lumber car struck his left arm and broke it between the elbow joint and the shoulder; that he was confined to his bed for thirty days, compelled to expend money for attention, etc.;

that the injury was caused by the defendant's negligence in not having the standard in an erect position, but leaving it inclined.

The defendant pleaded the general issue. The evidence made, in substance, the following case:

Plaintiff was an Episcopal clergyman. In October, 1871, he and his family embarked on the train of the defendant at Marietta, for the purpose of being transported to Dalton. As the train was moving off he was in the act of shutting a window, and as a freight train, which was standing on a side-track, was passed, a standard on a lumber car attached to said last mentioned train, struck his arm and broke it immediately above his elbow. The evidence was somewhat conflicting as to whether his arm projected out of the car window, but there was nothing to show that he was not attempting to close the window in the ordinary and customary manner. The evidence was also somewhat conflicting as to whether the standard struck the passenger coach at any other point except where the defendant was sitting, though the preponderance seemed to show that it scraped along the length of the car. The plaintiff was traveling on a clergyman's half-fare ticket. Was confined to his bed ten or twelve days, and prevented from attending to his usual duties for eight weeks. Went to work earlier than his physician advised, and suffered great inconvenience and pain from time to time, for six or eight months, not being able to take off or put on his clothes. He had not, at the time of the trial, the full use of his arm. Was paid at the rate of $1,400 00 per annum. Was employed by the Bishop of the Episcopal Church.

The jury found for the plaintiff $3,000 00. The defendant moved for a new trial upon numerous grounds, and amongst them, because the damages assessed by the verdict were excessive. The motion was overruled, and defendant excepted.

B. H. HILL & SON; JULIUS L. BROWN, for plaintiff in error.

L. J. GLENN & SON; S. D. MCCONNELL, for defendant.

TRIPPE, Judge.

1. One point made in the argument was, that in estimating damages in the case of a *tort* to the person, the jury could not consider the pain and bodily suffering endured by the party injured. This question we consider was settled in *Cooper vs. Mullins*, 30 *Ga.*, 146. It is stated in that decision, as the correct rule, that "surely there ought to be some compensation for the *suffering* endured." There may be, and often are, injuries where there are intense pain and great bodily suffering, which may last for a considerable time, and but very little, if any, pecuniary damages, and all caused by the grossest negligence of the defendant. Any one can easily imagine such. We did not consider it an open question as to the right of the jury to consider this in fixing the damages: See New I. R. R. *vs.* Kennors, 21 Pa., 203.

2. Are the damages given in this case excessive? There can be no question but that the negligence of those who were in charge of both trains was gross. The lumber train which ran against the passenger train, or rather struck the passenger train as it passed, had a car loaded with lumber, with a standard so forced out of an erect position that it reached to the passenger train, and broke the defendant's arm as it went by. The agent in charge of the freight train had observed the standard, but thought the cars could pass. They did pass, but at the imminent hazard of those in the passenger train, and to the great hurt and damage of defendant in error. There was such want of care and prudence on the part of this agent, as to make it a case of gross negligence, and the fact that the officers on the passenger train did not observe the inclined standard, or if they did, that they permitted those under their care to be thus endangered, strengthens this view. Section 3066 of the Code says, "in every *tort* there may be aggravating circumstances, *either in the act* or the intention, and in that event the jury may give additional damages," etc.: See, also, *Ga. R. R. and Banking Co. vs. McCurdy*, 45 *Ga.*, 288. The judge who tried the case did not

think the verdict should be set aside on this ground, and we cannot say he abused his discretion.

Judgment affirmed.