The Western Union Telegraph Company v. E. U. and F. P. Motley.

No. 165.

1. **Charge.**
    A charge must be viewed from the standpoint of the jury, and considered with reference to its probable effect as a whole upon their minds. And where negligence was conclusively established no injury could have resulted from defective definitions or rules of evidence upon such issue.................................................................. 40

2. **Telegram—Remote Effects of Delay.**
    A dispatch was delivered to the agent of the telegraph company at Bonham, Texas, April 9, 1890, addressed to E. U. Motley, care of J. C. & W. W. Witherspoon, at Smith's Cove, Kentucky, as follows: "Mr. Neighbors is very sick. Will probably not live 24 hours. [Signed] B. Saunders." Mr. Neighbors was father of F. P. Motley, and she was wife of E. U. Motley. Alleged cause of action, mental suffering on part of Mrs. Motley from delay in delivery of the message. It was claimed that upon prompt delivery the funeral of her father would

have been postponed so that she could have been in attendance. *Held*, that damages growing out of a failure to secure from a person not named in the dispatch a postponement of the funeral by reason of the delay in the delivery of such message, are too remote, and that no cause of action appears............................................. 41

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Fannin County.

*W. W. Wilkins*, for plaintiff in error.

*Walton & Hill*, also for plaintiff in error.—This case raises practically the same question as does the case of Western Union Telegraph Company, plaintiff in error, v. Linn, defendant in error, now pending in this court. We refer to the employment of contingent and conjectural links in the chain of causalities connecting the negligence with the injury.

The demurrers overruled presented the question directly, that the law would not deem that the parties to the contract contemplated the extraordinary contingency of a postponed funeral as a result not of the telegraphic correspondence they were handling, but of a message to a relative of a sick man, which relative and his relationship was unknown to the telegraph company. The rule is, that the usual and ordinary, not the extraordinary and unusual, results will follow. Ikard v. Tel. Co., 22 S. W. Rep., 534; Tel. Co. v. Housewright, 23 S. W. Rep., 824; Watkins v. Jenkins, 23 S. W. Rep., 802; Suth. on Dam., sec. 124; 5 Am. and Eng. Encycl. of Law, 14, note.

*Evans & Evans*, for defendants in error.

BROWN, ASSOCIATE JUSTICE.—This action was instituted by the defendants in error against the plaintiff in error, in the District Court for Fannin County, for damages for mental suffering caused by delay in the transmission and delivery of a telegram addressed to E. U. Motley, care of J. C. and W. W. Witherspoon, at Smith's Grove, Kentucky, dated and delivered to the agent of appellant at Bonham, Texas, on April 9, 1890, reading: "Mr. Neighbors is very sick. Will probably not live twenty-four hours. [Signed] B. Saunders." Mr. Neighbors was the father of F. P. Motley, and she was the wife of E. U. Motley.

The defendant demurred generally and specially to plaintiffs' petition. The demurrers were overruled. Defendant pleaded the general denial.

A trial was had before a jury on March —, 1892, which resulted in a verdict and judgment for the appellees for $500. Appellant moved for a new trial, without success; gave notice of appeal; filed appeal bond and assignment of errors; and the case is brought to this court for reversal upon errors assigned.

The petition in this case alleged explicitly the sending of the message, the negligent failure to deliver it in a reasonable time, and the damages to Mrs. Motley arising from such failure. It alleged, that if the message had been delivered in proper time she could and would have arrived at her father's home in Texas in time to be present at the funeral of her father; and further, that "if the message had been delivered within a reasonable time, or any time during the succeeding day, she could and would have telegraphed to her brother that she was on the way, and that the funeral could and would have been postponed to await her arrival."

The plaintiff in error presents a number of objections to the judgment, which have been so frequently decided adversely to its contention, that we do not feel called upon to give them further attention.

A number of objections are presented to the charge of the court, upon the ground that it had the effect to authorize the jury to find against the defendant without regard to the question of negligence on its part in failing to deliver the message; and numerous extracts from the charge are given to show this to be its effect.

A charge must be viewed from the standpoint of the jury, and considered with reference to the probable effect of the charge as a whole upon the minds of a jury desirous of obeying the instruction of the court. The first paragraph of the charge states clearly the conditions and circumstance under which Mrs. Motley could recover, and makes the recovery depend upon the fact that the "failure to deliver the message was caused by the negligence of the defendant, its agents or employes." In the sixth clause of the charge the jury were told, in substance, that in order to entitle plaintiffs to recover, they must establish by a preponderance of the evidence the facts and circumstances which entitled them to recover. The second charge defined negligence, and we think that the jury must have understood that they could not find for plaintiffs unless negligence was proved. The evidence is conclusive as to the negligence of the defendant, it is not denied by defendant's employes, and no injury could have resulted to it from the charge in that particular. No other conclusion could have been reached upon that issue.

The court charged the jury as follows: "I charge you, that if you believe from the evidence that had Mrs. Motley received the telegram within a reasonable time after it was delivered to defendant's agent at Bonham she could and would have arrived at her father's home in time for the funeral, or that she could and would have telegraphed to members of her father's family, and that they would have delayed the funeral, and that by that means she would have been enabled to have arrived and would have arrived before the funeral, then you may find that the nondelivery of the telegram caused her failure to be present at the funeral."

Plaintiff in error assigns as error the giving of this charge and the overruling of a special exception to the petition which presented the same

question. The charge, in effect, told the jury that if the plaintiff in error negligently failed to deliver the message in a reasonable time, and that if it had been delivered the plaintiff Mrs. Motley could not have reached her father's home before the funeral, yet if it had been properly delivered the plaintiff would and could have sent a message to the family that she was on her way, and if the funeral would have been postponed for her arrival, by which she would have arrived in time to be present at the funeral, the defendant would be liable in damages because she was deprived of the opportunity to have the funeral postponed, and was thereby prevented from being present thereat.

In Western Union Telegraph Company v. Linn, decided at this term [ante, page 7], this court held, that a telegraph company can not be held liable for damages growing out of the failure to secure the postponement of a funeral by reason of the failure to deliver a message announcing the sickness of a relative. It is not necessary to repeat the reasons given or the authorities cited in that case. It is decisive of the question.

In the present case the damages are still more remote than in the case cited. The evidence shows, that if the message had been delivered in due time Mrs. Motley or her husband would have sent a message to her brother that she had started; the message would have been sent to Collie Neighbors, the brother, at Bonham, care of B. Saunders, who would have sent it to Collie Neighbors, fourteen miles from Bonham, and Collie Neighbors would have postponed the funeral to await the arrival of his sister. The unknown contingency of Mrs. Motley's determining upon the course of sending the message, when no answer was called for, is still to be followed by the act of Saunders in forwarding the message fourteen miles to a man whose mind is to act upon it at last, and who might or might not have concluded to postpone the funeral services. Thus the independent action of three different individuals, widely separated from each other, must intervene between the negligence of the telegraph company and the result. Such damages can not be recovered under the well settled rules of the law.

The court erred in giving the charge and in overruling the special exception to the petition which presented the same objection.

That Mrs. Motley could and would have reached the home of her father in time to be present at the funeral if the message had been delivered in a reasonable time, is not established by the evidence with that degree of conclusiveness which will justify this court in holding that if the objectionable charge had not been given the jury must, in a proper discharge of their duty, have returned the same verdict.

The judgments of the District Court and the Court of Civil Appeals are reversed and the cause is remanded to the District Court for further trial.

*Reversed and remanded.*

Delivered May 24, 1894.