## ATLANTA & WEST POINT RAILROAD CO. *v.* POTTS.

128　397
Case 2
129　186

1. When, in the trial of an action against a railroad company, it appears that the plaintiff, who was a passenger, was pushed by the conductor from a train which was in motion, though moving slowly, at a station at which he did not desire to alight, and, as a result, he sustained injury, an instruction to the jury on the subject of punitive damages was not inappropriate.
2. The evidence authorized the verdict, and no sufficient reason appears for reversing the judgment.

Argued April 23,—Decided May 17, 1907.

Action for damages. Before Judge Freeman. Troup superior court. April 18, 1906. .

*Dorsey, Brewster, Howell & Heyman* and *A. H. Thompson,* for plaintiff in error cited: Civil Code, §§ 3906-7; *Ga. R.* 119/147; 116/780 (2); 107/518; 105/316; 101/263; 86/482, 495, 641; 124/357, 349; 83/594 (7); 79/358; 38 S. E. (S. C.) 290; 36 S. E. (S. C.) 170.

*S. Holderness* and *F. M. Longley,* contra, cited: *Ga. R.* 125/350 (2); 119/147 (1); 99/268; 86/744; 85/496; 79/358; 77/674; 73/252, 257; 70/368 (2); 49/491 (3); 110/341, 579; 123/279 (3); 83/594 (7).

COBB, P. J. Potts sued the railroad company for damages, and recovered a verdict for $1,000; and the defendant assigns error upon the refusal of the judge to grant a new trial. Taking the evidence most strongly in favor of the plaintiff, it shows, that he was a passenger upon the train of the defendant, with a ticket to Gabbettville; that while the train was approaching a station and decreasing its speed, the conductor announced Gabbettville, and the plaintiff went upon the platform and was proceeding to alight, when he told the conductor that the train was not approaching Gabbettville, but Cannonville. The train was still in motion, but running slowly, and the conductor said, "Get off, get off; I am not going to get any slower," and placed his hand upon the shoulder of the plaintiff and thereby pushed him from the train. As a result of the fall he sustained injuries, causing much pain and suffering. The charge of the judge contained an instruction upon the law of punitive damages; and this is assigned as error for the reason that there was no evidence authorizing it. Punitive damages are recoverable in any case where the act of the defendant causing the injury is wilful or wanton. If the act of a conductor of a train in pushing a passenger from a moving train is not wilful and wanton, it is hard to conceive of a case which would answer to this description. In *Drysdale's* case, 51 *Ga.* 644, gross negligence in an act producing injury was held sufficient to authorize the jury to increase the damages by way of punishment. The present case, however, is well within the rule laid down in *O'Bryan's* case, 119 *Ga.* 147, and the cases which that case followed.

Complaint is made that the court erred in the following charge: "The plaintiff claims that he sprained his ankle and suffered great physical pain and mental distress and anguish. I can not give you any rule by which to measure the damages that you would

give the plaintiff, provided you find that the defendant is liable to the plaintiff. In such cases the only rule I can give you as to measure of damages is this: in such cases no measure of damages, the law says, can be prescribed, except the enlightened conscience of impartial jurors," the error assigned being that there was no evidence of mental distress and anguish. While the plaintiff does not in terms say that he suffered both in body and in mind, he does recount the circumstances under which he was pushed from the train, and states that he suffered much pain at the time of the injury and thereafter, and still suffers pain. While it might be said that his language refers merely to physical pain, yet when the circumstances under which he was injured are considered, it is necessarily to be inferred that the pain suffered by him was both mental and physical. The character of the injury, the circumstances under which it was inflicted, and the positive evidence of the plaintiff that he suffered pain, were all before the jury; and we think this was sufficient to authorize a charge on both mental and physical suffering. The evidence authorized the verdict, and we see no sufficient reason for reversing the judgment.

*Judgment affirmed. All the Justices concur.*