SEIFERT *v.* WESTERN UNION TELEGRAPH COMPANY.

A petition in a suit against a telegraph company alleged, that a telegram to a physician had been delivered to the defendant for transmission, which showed upon its face that he was called for the purpose of relieving the plaintiff from suffering that she was then enduring; that the telegraph company negligently failed to transmit and deliver the telegram within a reasonable time; that on account of such failure the suffering of plaintiff continued for many hours, which could and would have been relieved if the telegram had been promptly delivered and the physician had responded thereto, which, it is alleged, he would have done; and that after a lapse of many hours the physician came and promptly relieved the suffering of plaintiff. The only damages alleged were the mental and physical suffering which the plaintiff endured during the time that the physician would have come, if the telegram had been promptly delivered, and the time that he actually arrived. *Held*, that the petition set forth no cause of action for the damages alleged, and was properly dismissed on demurrer.

Argued June 11,—Decided August 8, 1907.

Action for damages. Before Judge Felton. Bibb superior court. January 31, 1907.

Mrs. Seifert sued the telegraph company, alleging that her husband delivered to the defendant a message in the following words: "To Dr. R. C. Mosely, Bolingbroke, Ga. Come at once. Mrs. Seifert worse. E. C. Seifert." The defendant received the message and undertook to transmit it with reasonable despatch. The charges demanded were paid. The message was delivered to the defendant at 12:50 p. m. on July 18, and was not delivered to the addressee until 8:35 a. m. on the 19th. The delay was due to the gross negligence of the defendant. The message could have been transmitted in fifteen minutes, and delivered in five minutes after its arrival. The office of the addressee was within fifty yards of

the office of the defendant in the village of Bolingbroke, and his residence was also in that village. When the message was delivered to the telegraph company, the agent was informed that the plaintiff was ill and suffering intensely, and that the message was to her physician, and that it was of the utmost importance that it should be transmitted without delay; and the agent agreed to do so. On July 18 the plaintiff became suddenly worse and began to suffer the most intense pain from an illness which had begun on July 5. Dr. Mosely was her attending physician; those with her were unable to offer the slightest relief; the physician would have come at once had he received the telegram; the home of the plaintiff was only five miles from Bolingbroke, and Dr. Mosely could have reached her in thirty minutes after he received the message, and he could have relieved her within ten minutes after his arrival, and when he did arrive, on the 19th, he immediately relieved her of her most acute suffering; no other physician was accessible; the husband of the plaintiff was compelled to hire a buggy and drive through the country to Bolingbroke and secure the physician; the failure of the defendant to promptly transmit the telegram caused the plaintiff nineteen hours of most intense suffering, which affected her general health, retarded her recovery, and caused her to fall into an illness from which she suffered and still suffers; the defendant was informed of her suffering and of its character, and of the necessity for relief and the importance of prompt transmission and delivery of the telegram; and the telegram was sent by her husband for her and in her behalf, for the reason that she was unable to attend to the matter. The defendant filed demurrers, both general and special, which were sustained, and the plaintiff excepted.

Citations by counsel, other than those in the opinion: 32 Fla. 434 (14 So. 148, 21 L. R. A. 810); 27 Am. & Eng. Enc. L. 1024, 1066, 1080; 107 N. C. 370 (22 Am. St. R. 883); 3 Suth. Dam. 314; 72 Miss. 1030 (48 Am. R. 604); 93 Ia. 752; 6 Am. St. R. 864; 7 Am. St. R. 530; 14 S. E. 94; 33 S. W. 725; 12 S. W. 860; 20 S. W. 860; 33 S. W. 1025; 32 S. E. 886; 94 S. W. 1083; 58 Am. R. 210; 57 N. W. 696; 67 L. R. A. 985; 6 Am. Neg. R. 520; Street's Found. Leg. L. (Torts) 438; *Ga. R.* 112/685; 113/1017; 124/131; 114/576; 90/254; 71/518, 760; 73/472; 102/474;

122/204; 91/466, 813; 104/695; 116/860; Civil Code, §§ 3807-10, 3798, 3912-14.

*N. E. & W. A. Harris,* for plaintiff.

*Joseph H. Hall* and *Warren Roberts,* for defendant.

COBB, P. J. (After stating the facts.) Where an agent sends a telegram for an undisclosed principal the principal may bring an action in his own name for damages resulting from error in transmission which brought about a delay in delivering the telegram. *Propeller Tow-Boat Co.* v. *Western Union Tel. Co.,* 124 *Ga.* 478, 52 S. E. 706; Harkness *v.* Western Union Tel. Co., 73 Iowa, 190, 5 Am. St. R. 672, 34 N. W. 811. An undisclosed principal may bring a suit in his own name for the breach of the contract made by his agent with a telegraph company, in which it agreed to transmit and deliver a telegram with reasonable dispatch, or for a breach of any duty arising out of the contract, and recover such damages as are appropriate to the form of action in which the suit is brought. It is said that the suit by the plaintiff in this case is well brought, for the reason that her husband merely acted as her agent in sending the telegram; that she was the undisclosed principal in the contract made between him and the telegraph company, and therefore any right of action which arose out of the breach of the contract, whether it sounded in contract or in tort, could be asserted by her in her name. The averments of the petition are possibly sufficient, as against a general demurrer, to show that there was an agency, and that the transaction did not arise merely from the fact that the relation of husband and wife existed between the parties. For the purposes of the present case we will treat the action as well brought in the name of the plaintiff. The purpose of the pleader was evidently to bring an action sounding in tort, and the petition will be so construed. The only damages alleged are those resulting from the physical and mental suffering endured by the plaintiff during the hours that elapsed between the time that the doctor would have arrived if the telegram had been promptly delivered and the time at which he did arrive; being about nineteen hours. The averments of the petition made a clear case of gross negligence against the defendant. According to the averments there was absolutely no reason why there should have been such an unreasonable delay in transmitting and delivering the telegram. In an action sound-

ing in tort, before there can be a recovery for any damages it must appear from the allegations that there has been a breach of some duty which the telegraph company owed to the plaintiff, and that the damages claimed were the natural and legitimate consequences of such breach of duty. The company owed a duty to the plaintiff to transmit and deliver the telegram within a reasonable time. There was undoubtedly a breach of this duty. Was the damage sustained by the plaintiff the natural and legitimate consequence of this breach of duty? Whether there can be a recovery of damages resulting from mental anguish and pain when there has been no physical tort committed is a matter about which the courts of this country are not in accord. In *Chapman* v. *Western Union Tel. Co.,* 88 Ga. 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183), it was held that the addressee of a telegram was not entitled to recover of the telegraph company damages on account of the mental pain and suffering alleged to have resulted from the failure of the company to deliver a message in due time. In the opinion Mr. Justice Lumpkin says: "The law protects the person and the purse. The person includes the reputation. *Johnson* v. *Bradstreet Co.,* 87 Ga. 79, 13 S. E. 250. The body, reputation and property of the citizen are not to be invaded without responsibility in damages to the sufferer. But outside these protected spheres, the law does not yet attempt to guard the peace of mind, the feelings, or the happiness of every one, by giving recovery of damages for mental anguish produced by mere negligence. There is no right, capable of enforcement by process of law, to possess or maintain without disturbance any particular condition of feeling. The law leaves feeling to be helped and vindicated by the tremendous force of sympathy. The temperaments of individuals are various and variable, and the imagination exerts a powerful and incalculable influence in injuries of this kind. There are many moral obligations too delicate and subtle to be enforced in the rude way of giving money compensation for their violation. Perhaps the feelings find as full protection as it is possible to give, in moral law and a responsive public opinion. The civil law is a practical business system, dealing with what is tangible, and does not undertake to redress psychological injuries." There were other courts which took a contrary view of this question at the time that the *Chapman* case was decided, and, since that decision, rulings

have been made in other jurisdictions which are in conflict with the rule as adopted by this court. On account of these rulings, and statutes passed in the different States, it may be safely asserted that in more than a majority of the States where the question has been dealt with, either by the courts or by the legislatures, provision has been made for the recovery of damages for mental pain and suffering in a number of cases where the transaction does not involve a physical tort. See, in this connection, Western Union Tel. Co. v. Motley, 87 Tex. 38, 27 S. W. 52; Western Union Tel. Co. v. Coffin 88 Tex. 94, 30 S. W. 896; Western Union Tel. Co. v. Adams, 75 Tex. 531, 12 S. W. 837, 16 Am. St. R. 920, 6 L. R. A. 844; Cashion v. Western Union Tel. Co. 123 N. C. 267, 31 S. E. 493; Bonner v. Western Union Tel. Co., 71 S. C. 303, 51 S. E. 117; Watson's Pers. Inj. §§ 393 et seq., 462. It will be seen that even in those States where recovery is allowed for mental anguish, independently of any contemporaneous physical injury, the damages recoverable must be the natural and proximate result of the breach of duty out of which it is claimed they arose. Without reference to what may be the rule elsewhere as to the recovery of damages merely for mental anguish, independently of a physical tort, this court is committed, under the *Chapman*. case, to the proposition that there can be, in this State, no recovery of damages in such a case. The plaintiff, therefore, can not maintain her suit so far as it attempts to recover damages for mental pain and suffering.

But the petition also alleged that the suffering endured by her was physical, and that this could have been relieved if the telegram had been transmitted and delivered within a reasonable time. The case resolves itself, therefore, into the question as to whether the telegraph company is liable for the damages resulting to the plaintiff from physical suffering which she was enduring at the time that the telegram was delivered to the company for transmission, and which she continued to endure up to the time that the physician arrived. Can it be said that her suffering was the natural and proximate result of the failure of the telegraph company to transmit and deliver the message within due time? If so, the plaintiff is entitled to recover. If not, no recovery can be had. The Civil Code, § 3912, declares that "If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the in-.

jurious effect, such damages are too remote to be the basis of recovery against the wrong-doer." The suffering which the plaintiff was enduring at the time that the telegram was delivered for transmission was, of course, neither the natural nor proximate result of any act of the defendant. The suffering which was endured during the nineteen hours that elapsed after the physician should have arrived and before he did arrive was not caused by any act of the defendant. The suffering was not the result of any breach of duty, either of omission or of commission, of the defendant. This suffering would have been brought about if there had been no telegraph company and no message. But it is said that relief would have come if the telegram had been delivered within a reasonable time, and that there would have been a cessation of the suffering, and the wrongful act of the defendant was in so conducting its business as that the plaintiff was not relieved from the physical suffering which she was enduring. The mental suffering which the plaintiff endured could not be the subject of recovery, under the ruling in the *Chapman* case. The physical suffering stands upon no different footing. There may possibly be cases where there is mental suffering and no physical suffering, though all pain necessarily involves consciousness and mental perception. There can not be a case where there is physical suffering without more or less mental suffering. *Atlanta & West Point Railroad Co.* v. *Potts,* 128 *Ga.* 397, 57 S. E. 686. The mental suffering of the plaintiff is not recoverable, for the simple reason that it is not the natural and proximate result of the negligence of the defendant. Neither was the physical suffering the natural and proximate result of the defendant's negligence. It had its origin and continuance, not in the defendant's conduct, but in the malady with which she was afflicted. In the origin and continuance of it the defendant's conduct was not, in any sense, the preponderating cause. We are aware of the fact that there is a case in which the right to recover upon facts very similar, in fact almost identical with the present case, has been sustained. Carter *v.* Western Union Tel. Co., 141 N. C. 374, 54 S. E. 274. But it is to be noted that this case arose in a State where a recovery for mental pain and suffering, independent of any physical tort, was allowable. There was no error in sustaining the demurrer.

*Judgment affirmed. All the Justices concur.*