## OGLES *v.* NASHVILLE, CHATTANOOGA AND SAINT LOUIS RAILWAY COMPANY.

A paid his own money to a railroad agent, for which the agent agreed to issue a railroad ticket and cause it to be delivered at a distant place to B, the married daughter of A, to be used by B in traveling over the road of the agent's principal, in coming to the home of A. The agent failed to issue the ticket or to cause a ticket to be issued and delivered to B. Because of failure to receive the ticket, B was delayed in making the trip, and suffered injury. Suit was instituted against the railroad company by B, for damages alleged to have resulted from a breach of contract. *Held,* that there was no privity of contract between B and the railroad company, and that the petition was open to general demurrer.

Argued January 15,—Decided March 27, 1908.

Action for damages. Before Judge Wright. Floyd superior court. March 25, 1907.

*Sharp & Sharp* and *W. M. Henry,* for plaintiff.

*Dean & Dean,* for defendant.

ATKINSON, J. This is a suit for damages. In her petition the plaintiff alleged, that the defendant was a railroad company with an agent in Rome, Ga.; that defendant's line of road connected at Marietta with the road of the Louisville & Nashville Railroad Company, which operated a line of railroad through Canton, Ga.; that the two companies were connecting carriers and had traffic arrangements with each other by which each company was authorized to sell tickets and transportation over the entire line between Rome and Canton; that on August 7, 1906, petitioner's husband was in Rome, Ga., where he had gone to live, and where she intended to go and join him; that petitioner was boarding at the time in Canton, Ga., and had no money with which to pay her board or to pay her railway fare from Canton to Rome; that she was unwell and unable to work and take care of herself, and for that reason it was necessary that she go to her husband at the home of her father in Rome, Ga.; "that on said date petitioner's father went to the defendant in Rome and stated to this defendant there that he wished to buy a ticket for his daughter, your pe-

titioner, from Canton, ·Ga., where she then was, to Rome, Ga.; that then and there the defendant agreed to sell and furnish such ticket for petitioner's transportation from Canton to Marietta, Ga., by ·way of said line of Louisville & Nashville Railroad Company, and from Marietta to Rome over said line of defendant; and said Martin [petitioner's father] then and there paid to the defendant $2.42 in full payment for such ticket and transportation for petitioner and for her use and benefit, and the defendant accepted such payment and then and there agreed with said Martin and undertook, in consideration of such payment, to at once or within three hours transmit to Canton, through the agent of the said Louisville & Nashville Railroad Company at that point, such ticket for petitioner, or to secure for her such transportation from Canton to Rome; that the defendant, when it accepted such payment and undertook to furnish said transportation, well knew where petitioner was, as well as for whose benefit said agreement was so made and money was so paid, and to whom such transportation was to be so furnished, and thereupon it owed the petitioner the duty to diligently do as it so agreed and undertook to do for her benefit, and to promptly and diligently transport her from Canton to Rome;" that the defendant failed to transmit the ticket, and on account of such failure, the plaintiff, while in a delicate condition, was obliged to remain in Canton, and on account thereof suffered injury, more at length described in the petition. The defendant demurred to the petition, among other grounds, upon that of the failure to set forth a cause of action. Upon the hearing the demurrer was sustained and the petition dismissed, and the plaintiff excepted, assigning error upon the judgment.

Under the allegations of the petition (which must be construed most strongly against the pleader), Martin, the father of the plaintiff, entered into a contract with the agent of the defendant in Rome, by which the agent undertook to issue a ticket for transportation, and to cause the same, through the railroad agent at ·Canton, to be delivered to the plaintiff, whose whereabouts in Canton the defendant's agent at Rome knew. Thus far there were but two parties to this agreement, the plaintiff's father and the defendant. It is not alleged that the plaintiff's father was acting as the agent of the plaintiff in making this contract. If it had been intended to make such an allegation, such intention should have

been expressed, not left to inference. In this respect the case is: different from *Seifert* v. *Western Union Tel. Co.*, 129 *Ga.* 181 (58 S. E. 699). It is alleged that there was a breach of this contract. by failure to issue the ticket and by failure to furnish the plaintiff' with transportation. The effect of such allegations was to allege a breach of the contract between the plaintiff's father and the defendant. Clearly any right of action thereunder for injury aris-- ing from breach of this contract was in the plaintiff's father, who· made it. Had the contract been so far executed by the defend-- ant as to issue a ticket and deliver it to the plaintiff, the plaintiff, by virtue of holding the ticket, might have been introduced as a party, and for a breach of duty thereafter occurring, might recover,. under the ruling in *Georgia, C. & N. Ry. Co.* v. *Brown,* 120 *Ga.* 380 (47 S. E. 492), and *Aiken* v. *Southern Ry. Co.*, 118 *Ga.* 118 (44 S. E. 828, 62 L. R. A. 666, 9 Am. St. R. 107). But, under the allegations, the breach occurred before the establishment of any relation between the plaintiff and the railroad company, and conse-- quently the petition was open to demurrer.

<em>Judgment affirmed. All the Justices concur.</em>