JAMES L. PADGETT, *Plaintiff in Error,* v. ATLANTIC COAST LINE RAILROAD COMPANY, *Defendant in Error.*

Where there is a failure to prove any substantial damages that may be recovered under the declaration, a judgment for the defendant will not be reversed.

Writ of error to the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*Leitner & Leitner,* for Plaintiff in Error;

*Sparkman & Carter,* for Defendant in Error.

WHITFIELD, C. J.—Padgett brought an action of tort against the railroad company for "carelessly, negligently and wilfully withholding from him without any excuse or reason" a ticket from Jacksonville, Florida, to Arcadia, Florida, which ticket had been paid for at Arcadia, by A. J. Dozier and which the agent of the railroad company at Arcadia undertook to have delivered to Padgett at Jacksonville by the agent of the railroad company there. The elements of damage to the plaintiff Padgett as alleged are that he was forced to remain in Jacksonville and do without lodging, food and various necessities of life, commensurate with his standing; that he was shadowed by the police of Jacksonville as a hobo and tramp thereby wounding his feelings and humiliating him; that he had no money and was forced to walk out of Jacksonville till he could find work or shelter; that he was forced to walk to Palatka, Florida; that his feet were sore and he suffered great pain; that he was forced to sleep out in the cold and suffered great pain therefrom; that he was out of work for a long time endeavoring to get cured, to get to Arcadia, and to get work.

A demurrer to the declaration was overruled.

On motion the court struck out the element of damage that the plaintiff was shadowed by the police of Jacksonville as a hobo and tramp thereby wounding his feelings and humiliating him. At the trial a verdict for the defendant was directed by the court. A judgment for de-

fendant was rendered and the plaintiff took writ of error.

The defendant suggests here that the declaration wholly fails to state a cause of action. If this is so the court may properly so adjudge and thus end the case. But as this is an action in tort and not on contract, it is not clear that a careless, negligent and wilful failure of the defendant without reason or excuse to deliver to the plaintiff a ticket which he had a right to expect and to receive, where such negligence proximately caused a substantial injury to the plaintiff that reasonably should have been contemplated by defendant in undertaking to deliver the ticket, does not give a right of action for the recovery of such damages as should have been contemplated and as are not conjectural and may be capable of reasonably certain ascertainment. This is the correct rule as to recoverable damages in this class of cases where liability appears even where the action is *ex delicto* and not *ex contractu*. See Hildreth v. Western Union Tel. Co., 56 Fla. 387, 47 South. Rep. 820; McMillan v. Western Union Tel. Co., 60 Fla. 131, 53 South. Rep. 329. In Ogles v. Nashville C. & St. L. Ry. Co., 130 Ga. 430, 60 S. E. Rep. 1048, 124 Am. St. Rep. 175, where it was held no liability existed, the action was *ex contractu*. See also Canada v. Yazoo M. V. R. Co., —— Miss. ——, 57 South. Rep. 913.

In failing to deliver the ticket which the plaintiff had a right to expect and to receive, the defendant reasonably should have contemplated that the plaintiff would, because of such failure, remain in Jacksonville, and any substantial damages proximately resulting therefrom may be recoverably. But there is nothing in the record to indicate that the agents of the defendant should have contemplated that a failure to deliver the ticket would probably or naturally or ordinarily cause the plaintiff to do

without lodging, food and the necessities of life, or to be forced to walk out of Jacksonville; or to look for or to be kept out of work, or to sleep out in the cold, and to suffer pain therefrom, therefore there could be no recovery for these alleged elements of damage. As there is no proof of substantial loss or injury to the plaintiff that should reasonably have been contemplated as a proximate result of his having to remain in Jacksonville because of the failure of the defendant to deliver the ticket to him there was no error in directing a verdict for the defendant. The facts of this case do not warrant a reversal of the judgment even if the defendant may have been liable in nominal damages for a breach of duty to the plaintiff.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.