WESTERN UNION TELEGRAPH CO. v. GRIFFIS. (No. 588.)

(Court of Civil Appeals of Texas. El Paso. June 1, 1916.)

TELEGRAPHS AND TELEPHONES,⬅️67(2)—DAMAGES FOR MENTAL SUFFERING — DELAY IN DELIVERY.

A telegraph message, worded, "Your father died this afternoon at four o'clock" being insufficient to charge the telegraph company with notice that the addressee of the message would request a postponement of the funeral until he could arrive, the damages suffered by addressee by delay in delivery of the message preventing him from attending his father's funeral were too remote.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 65; Dec. Dig. ⬅️ 67(2).]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Action by R. W. Griffis against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

J. M. Wagstaff, of Abilene, and N. L. Lindsley, of Dallas, for appellant. W. P. Mahaffey, of Abilene, for appellee.

HIGGINS, J. Appellee sued appellant to recover damages alleged to have been sustained by reason of alleged negligent delay in the delivery of a telegram sent to appellee by T. O. Griffis, advising of the death of appellee's father. Verdict was returned and judgment rendered in favor of plaintiff in sum of $250,

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

as damages occasioned by his failure to attend the funeral of the deceased. The defendant prosecutes this appeal therefrom, assigning as error the refusal of a requested peremptory instruction in its favor.

Thomas Griffis, father of appellee, died at his residence near Lynnville, Tenn., on Sunday, July 4, 1915, at 4 p. m. After his death, T. O. Griffis phoned to appellant at Pulaski for transmission and delivery to appellee at Abilene, Tex., this message:

"Lynnville, Tennessee, 4:25 p. m., July 4th, '15. R. W. Griffis, Route 6, Abilene, Texas. Your father died this afternoon at four o'clock. T. O. Griffis."

The message was promptly transmitted to Abilene, and reached there about 6 p. m. of the same day. It was delivered to appellee on Tuesday, July 6, 1915. For the purpose of this opinion, it will be assumed that the jury was warranted in finding that the delay in the delivery of the message to this date was negligent upon the part of defendant, though this finding is vigorously contested, and it is contended that the undisputed evidence shows no negligence upon appellant's part in failing to make earlier delivery. Under the view which we have of the case, it is unnecessary to pass upon this question, and we express no opinion upon that phase of the case. Thomas Griffis was buried at 4 p. m., Monday, July 5, 1915, near Lynnville. R. W. Griffis, the sender of the message, testified that he was one of the persons in charge of the funeral arrangements and burial of the deceased, and, had appellee telegraphed him that he was coming to Lynnville to attend his father's funeral, he would have asked that the funeral be delayed until his arrival.

Appellee testified that, had the message been delivered to him promptly after it reached Abilene, he would have wired back and told them to hold his father's body and postpone the funeral until he got there; that he would have started to Lynnville the same night at 11 o'clock; he would go from Abilene to Pulaski; thence to Lynnville, which was the nearest railroad station to the place where his father died and the nearest to the place of interment; that he would have reached there Tuesday night, July 6th, or Wednesday morning, July 7th; that he was expecting a message of this kind and was prepared to go at any time.

J. D. Griffis, a brother of appellee, testified he was one of those in charge of the funeral arrangements and burial of deceased; that the message sent appellee was sent at his (witness) request, and, had they received a message from R. W. Griffis asking that the funeral be delayed, they would have kept the body until his arrival.

Appellant advances the proposition that the plaintiff's claim for damages is too remote, and in this contention he is supported by Telegraph Co. v. Linn, 87 Tex. 7, 26 S. W. 490, 47 Am. St. Rep. 58; Telegraph Co. v. Motley, 87 Tex. 38, 27 S. W. 52, and Telegraph Co. v. White, 149 S. W. 790. This case falls within the principle announced in the cited cases, and upon the authority thereof it must be held that a peremptory instruction should have been given in appellant's favor. Appellee relies upon Telegraph Company v. Swearingen, 97 Tex. 293, 78 S. W. 491, 104 Am. St. Rep. 876; Telegraph Co. v. Norris, 25 Tex. Civ. App. 43, 60 S. W. 982; Telegraph Co. v. Lyman, 3 Tex. Civ. App. 460, 22 S. W. 656; and Telegraph Co. v. Ford, 40 Tex. Civ. App. 474, 90 S. W. 677. But in each of these cases the message bade the addressee to come, and in such case the telegraph company was properly charged with notice that the injunction would probably be obeyed and that all necessary arrangements would be made, so that interment would not take place until the addressee arrived. A telegraph company handling such a message must reasonably have foreseen that the addressee would wire back and have the funeral postponed if such was necessary in order to prevent the same occurring before the arrival of the addressee. This, we think, is the main distinguishing feature between the line of cases first cited and those relied upon by appellee. In the case at bar the message, in our judgment, is insufficient to charge the defendant with notice that appellee would request a postponement of the funeral, and the damages for which recovery is sought are too remote. This is the rule, as we deduce it from the Linn and Motley Cases.

The message considered in Johnston v. Telegraph Company, 167 S. W. 272, was of a precisely similar nature to this one. In principle, the cases cannot be distinguished. In that case, the trial court sustained a general demurrer to the petition. Upon appeal, the Court of Civil Appeals reviewed the cases noted above and held that the principle announced in Linn, Motley, and White Cases did not apply, but the case was ruled by the Swearingen and Norris Cases, and remanded the cause. Thereupon, the Supreme Court granted a writ of error and in doing so, we are informed, made this notation:

"We think the terms of the message do not give notice that the plaintiff would request a postponement of the funeral."

In view of the action of the Supreme Court in the Johnston Case, it is evident that court is inclined to the view that the Linn and Motley Cases were applicable; and, if they are applicable in that, they are in this case also.

For the reason indicated, it must be held that the damages sought to be recovered herein are too remote, and the peremptory instruction should have been given.

Accordingly, the judgment of the court below is reversed and here rendered in appellant's favor.

Reversed and rendered.