19793. GEORGIA POWER & LIGHT COMPANY *v.* HASKINS.

DECIDED JANUARY 27, 1930.

A. B. *Conger, Wilcox, Connell & Wilcox,* for plaintiff in error.

P. D. *Rich,* contra.

BELL, J. (After stating the foregoing facts.) Irrespective of other questions argued in the briefs of counsel, we think the case is controlled by the decision of the Supreme Court in *Southern Bell Telephone &c. Co.* v. *Reynolds, supra,* as to the right to recover for pain and suffering without actual physical injury, as the result of mere negligence. In that case the plaintiff alleged that her husband was a subscriber to the telephone service of the defendant, for a valuable consideration, and, as such, was entitled to prompt and efficient service at the hands of the defendant, by day and by night, and that at a time when the plaintiff was pregnant and about to be delivered of a child, her husband attempted to reach a physician by telephone, but that the defendant, through its servants and operators, refused to respond to his signal in any manner, and that as a result the services of a physician were not obtained and the plaintiff was forced to give birth to the child without the aid of medical skill. The averments as to injury were that the plaintiff was "bruised, contused, lacerated, and suffered hemorrhages, and her health has been greatly and permanently impaired. All this injury could have been prevented had she had the assistance of a skilled physician, such as hers was. She endured great physical pain and suffering, besides mental anguish, and her health is greatly and permanently impaired." The Supreme Court held that under the ruling in *Seifert* v. *Western Union Telegraph Co.,* 129 *Ga.* 181 (58 S. E. 699, 11 L. R. A. (N. S.) 1149, 121 Am. St. R. 210), the petition set forth no cause of action for the damages alleged, and was properly dismissed on demurrer.

In the *Seifert* case the complaint was that the failure of the telegraph company to promptly deliver a message to a physician resulted in a delay to the plaintiff in obtaining the services of such physician and caused the plaintiff "nineteen hours of most intense suffering, which affected her general health, retarded her recovery, and caused her to fall into an illness from which she suffered and still suffers." The court there held that under the decision in

*Chapman* v. *Western Union Tel. Co.*, 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183), the mental suffering which the plaintiff endured could not be the subject of recovery, and that physical suffering stands upon no different footing. Thus, the *Reynolds* case in its last analysis was but an application of the doctrine laid down in the *Chapman* case, to the effect that mere pain and suffering will not constitute a recoverable element of damage, where the defendant's breach of duty amounts to negligence only.

In the present case the only ill consequence alleged to have been suffered by the plaintiff as a result of the defendant's negligence was that she remained "bleeding, wounded, and helpless for several minutes"; that "said surgeons were compelled to close up said wound without removing said appendix"; that because of the improvised and insufficient lights more time was required for the physicians to tie up the ruptured blood vesesls, so that the plaintiff "sustained an unnecessary loss of blood and consequent weakness"; and that she "has suffered much pain as a result of said negligence and carelessness of defendant, has suffered continuously from appendicitis since said time . . , and will continue to suffer therefrom for the remainder of her life." The petition charges no physical injury as a result of the defendant's negligence, and, indeed, as to cause and effect, alleges only that the negligence of the defendant was the proximate cause of the plaintiff's *suffering*. The physicians consumed more time in their operation, but would have closed the wound in any event, and were caused to do nothing which they would not have done if the defendant had continued to furnish light. They simply omitted to do something which they otherwise would have done, that is, remove the appendix, and the plaintiff has continued to suffer because of the appendical disorder; whereas she would have been relieved but for the defendant's default.

The only fact that tended to indicate physical injury was "the unnecessary loss of blood." As to this matter, it is enough to quote the language of the Supreme Court in the *Reynolds* case, referring to certain decisions by this court and also to the *Seifert* case, as follows: "It is insisted by the defendant in error that the cases of *Western Union Tel. Co.* v. *Ford*, 8 *Ga. App.* 514 (70 S. E. 65), and *Glawson* v. *Southern Bell Tel. &c. Co.*, 9 *Ga. App.* 450 (71 S. E. 747), are in point, and are distinguishable from the *Seifert*

case, supra, as is this case. It is sufficient to say that these cases decided by the Court of Appeals were not certified to this court, so that it might pass upon the question of whether or not the *Seifert* case was controlling, but that court thought there was ground of differentiation from the *Seifert* case. In point of fact, the differentiation was as to the *extent* of the injury inflicted; and whether the injury resulted in the loss of an eye, or other permanent injury, or death, did not affect the question of the right to recover, but only the extent of the recovery. Whether the injury was temporary or permanent affected the measure of damages, and not the right to recover. We are unable to agree with our learned brethren that this furnishes any legitimate differentiation from the *Seifert* case. The principle involved is the same in both cases." A comparison of the allegations as to injury in the instant case with those in the *Reynolds* case will demonstrate the impossibility of a differentiation in favor of the present plaintiff. In *Southern Bell Telephone &c. Co.* v. *Glawson,* 140 *Ga.* 507 (2) (79 S. E. 136), the Supreme Court declined a request to overrule the *Reynolds* case.

In *Pullman Co.* v. *Strang,* 35 *Ga. App.* 59 (132 S. E. 399), this court held that a premature hemorrhage by a woman in a state of pregnancy might be regarded as a physical injury within the meaning of the rule under discussion, but in that case the plaintiff was apparently in a sound state of health, and it was a reasonable inference that the hemorrhage would not have occurred except from some sort of physical injury.

The petition failed to set forth a cause of action for the damages alleged, and the general demurrer should have been sustained.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*