KENDRICK v. THE CENTRAL RAILROAD & BANKING CO.

1. The action being for the homicide of an employee of the company, and the evidence not showing affirmatively whether the employee was free from negligence or not, and no negligence on the part of the company adequate to have caused the homicide under the circumstances being shown, the most reasonable and probable cause of the disaster being an accident to the employee by which his life became suddenly exposed to a danger incident to his employment, there was no error in granting a nonsuit.
2. Whether the employee was an experienced or inexperienced person was immaterial under the facts in evidence.
3. A question to a witness in this form, "If the engineer had paid any attention to the signals that were given, and stopped the train, would this man have been killed?" was objectionable as calling for his opinion, when the facts on which his opinion·was based were the proper objects of inquiry, the conclusion from such facts being a question for the jury and not for the witness.

August 1, 1892.                ɪ·                Judgment affirmed.

Railroad employee. Negligence. Evidence. Non-suit. Before Judge MARTIN. Muscogee superior court. November term, 1891.

An action for the homicide of Kendrick was brought by his widow against the railroad company. A non-suit was granted, to which ruling, and to the sustaining of objections to questions asked of witnesses for the plaintiff, exceptions were taken.

Kendrick was a switchman of the defendant. He was 25 or 26 years old when he was killed, and had been in the defendant's employment not quite two months. He was ordered by Grimes, who was acting under orders as "head-coupler" in the place of one Hammond, and whose orders he had to obey, to go between cars to uncouple them. The engineer and fire-man also, for the time being, were subject to Grimes' orders as to shifting the cars. When Kendrick went in to make the first uncoupling, the cars were just getting a start, and he made it all right. He then went down the side of the cars; Grimes told him to cut off five cars; he went in between them to obey this second order while they were being run back-wards, and was killed by their running over him. Grimes, when he discovered Kendrick lying down be-tween the cars, holloed, blew his whistle and waved the cross-signal for the engine to stop. The signal was not obeyed, and Kendrick was run over and killed. Three cars and the tender passed over him after the signal was given. The fireman did not seem to pay any attention, and Grimes ran to the engine and said, "Don't you see you have killed this boy here? Why didn't you stop when I told you to stop?" The fire-man replied, "We didn't know he was in there." The engineer could not have seen Kendrick go between the cars, but the fireman could. Kendrick's foot was found to be caught and held in a frog of the track. Grimes testified: "It was customary for us all to go between

the cars while in motion; there was nothing wrong about this on my part; I had never had any orders to the contrary; I had ordered Kendrick over and over again to go in and uncouple cars while the train was in motion; I have done the same for 17 or 18 years; he had frequently done the same for Hammond. . . . It was a part of my duty to uncouple cars; it was Kendrick's duty to go in and uncouple, and mine to complete them; it was his duty to do anything I told him around the work; there was nothing wrong about my sending him in to do the work. I saw Kendrick go in the last time, and then I saw him down; from the position I found the shoe, he must have been hung in the frog of the track; . . I found the body had been dragged a short space, probably about 2 or 3 or 5 feet. . . I can't say that he was killed positively because he got his foot hung in that frog, but I do say that is the position I found the body and shoe. I can't say that he was under the wheels when I first saw him, because he was down on the ground; the wheels of that particular car set back about two feet from the end of the car, or it may be over that distance; when I got to him he was not under the wheels of the cars, but was lying between the wheels of the engine and tender; when I first saw him on the ground the cars were in the act of rolling over him; they were in the act of rolling over him when I made the signal. . . "

The questions to which objections were sustained were: "If the engineer had paid any attention to the signals that were given and stopped the train, would this man have been killed?" And, "Was Wilson Kendrick a green hand, or a man who understood the business?" The ground on which the nonsuit was granted was, that it did not affirmatively appear that the deceased was without fault, and hence no presumption against the company arose.

BLANDFORD & GRIMES and W. A. LITTLE, for plaintiff.
PEABODY, BRANNON & BATTLE, for defendant.