25908. NATIONAL SHEET METAL COMPANY *v.* A A A HIGHWAY EXPRESS INCORPORATED *et al.*

DECIDED MARCH 4, 1937. .

*Thomas E. McLemore,* for plaintiff.

*Alexander McLennan, Howell & Post,* for defendant.

STEPHENS, P. J. 1. Where a plaintiff was seeking to recover of the defendants damages to the plaintiff's automobile as a result of the negligent operation of the defendants' automobile on a public highway at a street crossing, and in his petition predicated his right of recovery upon several alleged grounds of negligence, among the grounds being the alleged negligence of the defendants in failing to sound or blow a horn on approaching the street intersection, and the court on the trial specifically charged the jury that the plaintiff contended that the defendants were negligent, and in the charge specifically recited the allegations of negligence as contained in the petition, and instructed the jury that the plaintiff charged such acts as negligence, including the allegation that the defendants were negligent in not sounding or blowing a horn when approaching the street intersection, and that the plaintiff "predicates its action upon and alleges the negligence of the defendants," and that the plaintiff "calls on" the jury for a verdict "because of the negligence of the defendants," that the plaintiff contended that the defendants were operating the automobile negligently "in the particulars described or brought out in the petition," the charge was not error on the ground that the jury were not instructed that they could consider the negligence of the defendants in not sounding a horn or giving warning of the approach of the defendants' automobile. There was no error on the ground that the court failed to charge the jury to consider the allegations of negligence that the defendants failed to sound the horn or give warning of the approach of their automobile to the blind corner or blind intersection, and that it was the duty of the defendants to use ordinary care and diligence to avoid injuring the plaintiff's

automobile at the street intersection, and that if the defendants had failed to use ordinary care, and if such failure was the proximate cause of injury or damage to the plaintiff, there could be a recovery for the plaintiff.

2. Although it may appear from the evidence that the automobile of the plaintiff was approaching on the right of the defendants' automobile at a street intersection, yet where it was not alleged in the petition that the plaintiff was entitled to the right of way, or that the defendants were negligent in not conceding to the plaintiff the right of way, there was no error, in the absence of a special request to charge, in the court's failing to charge the law with reference to the person on the right having the right of way when approaching an intersection of streets.

3. There being no allegation that the defendants were negligent in failing to reduce the speed of their automobile in approaching an intersecting street or highway, there was no error, in the absence of a special request, in the court's failing to instruct the jury as to the law with reference to the reduction of speed of an automobile approaching an intersecting street or highway. There was no error in the court's charging the jury that both the plaintiff and the defendants were lawfully entitled to the use of the highways at the time and place described in the petition, on the ground that such charge was an instruction that the defendant was not negligent, and was tantamount to the direction of a verdict for the defendants. Especially was this not error when the court, immediately following, instructed the jury that both parties were obligated by law to operate their vehicles so as to exercise ordinary care.

4. A specific charge by the court that the plaintiff contended that the defendants were negligent in the violation of a State law and of a city ordinance, and that this negligence was the cause of the damage complained of, was not error in that the jury were thereby precluded from considering other allegations of negligence. Especially was this not error where the court elsewhere in the charge instructed the jury in detail as to the plaintiff's contentions, as set out in paragraph 1 above.

5. Notwithstanding no issue of comparative negligence was made in the pleadings, yet where the evidence authorized the finding, as in this case, that both parties were negligent, it was not

error as against the plaintiff for the court to charge the law of comparative negligence and to instruct the jury as to the rule as to the reduction of damage in proportion to the negligence of the plaintiff.

6. Where the verdict was in favor of the defendants, any alleged error in the charge as to the measure of damage was harmless.

7. The evidence was conflicting as to the negligence of the plaintiff and the defendants. The verdict for the defendants was authorized, and no error of law appears.

*Judgment affirmed. Sutton and Felton, JJ., concur.*