29690. WALKER *v.* SOUTHEASTERN STAGES INCORPORATED *et al.*

Decided November 14, 1942.

*Randall Evans Jr., Jack D. Evans,* for plaintiff.

*Bussey & Fulcher, J. G. Stovall, T. Reuben Burnside,* for defendants.

FELTON, J. (After stating the foregoing facts.) 1. The overruling of the demurrer was not harmful to the plaintiff for two reasons: (1) the judge charged the jury that the liability of the indemnity company was $10,000, and directed that whatever verdict was rendered should be against all defendants jointly; and (2) the amount of the verdict rendered against all defendants was $2000 which was covered by $5000 maximum liability contended for by the indemnity company.

2. Exception is taken to the court's refusal to admit in evidence the testimony of a witness for the plaintiff that the driver of the bus could have driven the bus to the ditch on the right side of the road and turned it over and avoided striking the plaintiff's mother. The objection to the testimony, which was sustained by the court, was that it was a conclusion. The ground excepting to the exclusion of the testimony shows that there was evidence as to the physical conditions surrounding the wreck, including the width of the shoulders of the road. The record shows that the place where the casualty occurred had been described by various witnesses; that pictures of the scene were in evidence; and that the conduct of the driver of the bus, of plaintiff's mother, and of the plaintiff had been shown in detail. Whether the driver of the bus was guilty of negligence in not driving the bus so as to avoid striking plaintiff's mother was a question for the jury, and not a subject on which a witness could express his opinion under the circumstances. *Dowdy* v. *Georgia Railroad Co.,* 88 *Ga.* 726 (16 S. E. 62); *Kendrick* v. *Central Railroad & Banking Co.,* 89 *Ga.* 782 (15 S. E. 685); *Central of Georgia Railway Co.* v. *Bagley,* 121 *Ga.* 781 (49 S. E. 780); *Evans* v. *Kent,* 28 *Ga. App.* 172 (2) (110 S. E. 685); *Maner* v. *Dykes,* 55 *Ga. App.* 436 (190 S. E. 189); *Whatley* v. *Henry,* 65 *Ga. App.* 668 (16 S. E. 2d, 214). Under the circumstances it was not error to exclude the testimony.

3. Exception is made to the following charge: "She contends that this accident occurred in McDuffie County on the 28th day of June, 1941, near the filling-station, or at the filling-station, of

Calvin McGahee. She contends and sets out in her petition certain alleged acts of negligence, which she contends caused the death of her mother, on the part of these two defendants. named." The complaint is that the effect of the use of the word "accident" eliminated the question of the defendants' negligence. This exception is without merit. It is irrefutable, from the verdict in the plaintiff's favor, that the jury did not interpret the word literally, but as something like an "unfortunate occurrence." The jury could not have interpreted the use of the word as eliminating the question of the defendants' negligence and at the same time have found by their verdict that the defendants were guilty of negligence and fixed the amount of damages therefor. The charge was not harmful to the plaintiff.

4. The following charge is excepted to: "There is another proposition of law that I charge you here. If you believe that the plaintiff and the defendant were both at fault and that the plaintiff, Mrs. Walker, may in some way have contributed to the injury, and she could not have avoided the consequences to herself caused by the defendant's negligence, if the defendant was negligent, if she had exercised ordinary care, she could recover, but the damages should be diminished by the jury in proportion to the amount of default attributable to her. If, however, she could have avoided the consequences of the defendant's negligence, if the defendant was negligent, by the exercise of ordinary care, she could in no event recover." The ground of the exception is that neither the defendants' pleadings nor evidence set up the defense of comparative negligence, and that the charge submitted a question raised neither by the pleadings nor the evidence. There is no merit in this exception. The answers of Southeastern Stages Inc. and Hartford Accident and Indemnity Co. set up that the proximate cause of the homicide was the plaintiff's negligence in leaving her mother in her disabled and feeble condition, etc. The evidence tended to sustain the allegations of the answer on this question, and presented a question for the jury as to whether the plaintiff was negligent and whether it was sufficient to bar a recovery or diminish the amount. A charge on comparative negligence is proper even if the question is raised by the evidence and not the pleadings, especially in view of the answers.in this case setting up the plaintiff's negligence as a bar to recovery. *Southern Railway*

*Co.* v. *Lunsford,* 57 *Ga. App.* 53 (194 S. E. 602) and cit.; *National Sheet Metal Co.* v. *A.A.A. Highway Express,* 55 *Ga. App.* 393 (190 S. E. 383).

5. The following charge is excepted to: "I charge you that the plaintiff, Mrs. Walker, can not recover, and would have no legal right to recover, if the company shall make it to appear that its agents have exercised all ordinary care and diligence, or if the injury to Mrs. Hendrix was done by her consent, or if the injury was caused by her own negligence, or if both parties were at fault and the plaintiff by the use of ordinary care should have avoided the consequences to herself caused by the defendants' negligence, if the defendants were negligent." The complaint is that there was no evidence that Mrs. Hendrix had consented to the injury. Assuming for the sake of argument only that the charge was erroneous, it was not harmful to the plaintiff. The jury found that the injury was not barred by Mrs. Hendrix's consent or negligence.

6. The following charge is excepted to: "Certain tables have been introduced in your presence. Here is a certain table that has been introduced, called the Carlisle mortality table. It is contended on the part of the plaintiff in this case that the mother, Mrs. Hendrix, was sixty-eight years old, and that she had an expectancy of 10.23 years of life. I charge you that if the plaintiff is entitled to recover she would be entitled to recover what is designated as the financial value of her mother's life from the time of her death to such time as she would have lived but for her death, and your method of getting at it would be this, among other ways —you having the right to adopt any accurate method you see proper in case you 𝄢 ᴧd for the plaintiff—you would ascertain how much she was rece: ᴧng per annum and how much she would continue to receive per annum through life, making due allowance for the fact that there are uncertainties in business, uncertainties in employment, the fact that people frequently voluntarily abstain from working; and you may also take into consideration, as I have already charged you, whether or not there were any services performed by Mrs. Hendrix for her daughter, and you may also consider the value of the mother's society, advice, example, counsel and companionship, as an element of value to her child. You may take that into consideration in connection with what I have just charged you. As I said, you may take in consideration, in con-

nection with what I have already charged you, that you would ascertain how much she was receiving per annum and how much she would continue to make per annum through her life, making due allowance for the fact that there are uncertainties in business, uncertainties in employment, the fact that people frequently voluntarily abstain from working, the further fact that [as] you grow older the ability to work and earn money decreases from the effects of increasing age. Making due allowance for all such considerations, you would ascertain such sum as you think would represent the amount she would have made annually as long as she lived. As already stated, you may take into consideration the other elements, including companionship, advice, and society, in estimating the value. You would ascertain what would represent the amount she would have made annually. Then you would ascertain how long in the course of nature she would have lived but for her having been killed. In passing upon this question you may take into consideration her age, her experience, her health, her habits, her surroundings, her manner of living, all these things just as you get them from the evidence, and then determine for yourselves as well as you can, exercising common sense, observation and experience, how long you think she would have lived in the course of nature. Then, by taking the number of years you believe she would have lived, and multiply it by the amount of her annual earnings you would get the gross amount of the gross value of her life, but inasmuch as, if the plaintiff recovers in this case, she would be entitled to have the money paid down to her at once, that gross sum would have to be reduced to its present cash value because, if it had been accumulated year by year along in the future it could have been used, of course, only as made, and if it is to be paid down to her in cash the gross amount has to be reduced to its present cash value; and this would be a much smaller sum than the gross sum. The calculation by which you would reach it would be upon a seven per cent. basis, that being the legal rate of interest in Georgia; and using that, you can by any correct method of calculation, satisfactory to yourselves, reduce the gross sum to its present cash value, and that would be the amount to be allowed the plaintiff in this case as the financial value of her mother's life."

The grounds of alleged error are as follows: "A. That, inasmuch as plaintiff predicated her recovery on the negligence of the

defendants, and on the companionship, counsel, and advice of her mother which was taken from her by defendants acts, and on the small amount of housework which her mother helped plaintiff to perform, and on account of plaintiff's untold grief and heartache because of her mother's sudden, untimely and violent death, it was error for the court to charge the jury on any other measure of damages or manner of computing damages, than on the theory contended for by the plaintiff. B. That, inasmuch as plaintiff did not allege in her petition or amendments, and did not contend by evidence, that her mother earned any sum of money, annually or otherwise, it was error for the court to charge the jury on the question of Mrs. Hendrix's annual earnings; it was prejudicial to plaintiff, and caused the jury to fix their minds on an element which was not properly before them; caused the jury to consider the annual earnings as an element of damages, and necessarily they reached the conclusion that there were no annual earnings by Mrs. Hendrix, and consequently that there was very little damage to plaintiff for which she could recover under the court's charge. C. That the entire charge quoted in this ground of the motion for new trial is erroneous, requiring the grant of a new trial, because it uses an improper method of calculating plaintiff's damages in this case, using the annual earnings of plaintiff's mother as a base, when there are no annual earnings, and when there was no contention that there was any annual earning, on the part of plaintiff. D. That the court erred in continuing to repeat his charge on annual earnings, time and time again, so much that the jury necessarily gained the impression that the court was possessed of the definite idea that annual earnings was an important element in the damages for which plaintiff was suing, and the jury necessarily reached the conclusion that without annual earnings the damages should be little or none. [Here are set out portions of the quoted charge referring to annual earnings.] E. That those portions of the charge quoted in this ground of the motion for new trial, which deal with uncertainties in business, uncertainties in employment, tended greatly to confuse the jury, and to lead the jury to think that unless plaintiff's mother was employed or engaged in business she could recover little or nothing; that, inasmuch as plaintiff was not contending by pleading or evidence that her mother was employed or engaged in business, said charge

was not adjusted to the evidence and pleadings in this case, and tended to prejudice plaintiff in the amount of her recovery. F. That the court erred in charging the jury as follows: 'And you may also take into consideration, as I have already charged you, whether or not there were any services performed by Mrs. Hendrix for her daughter . .,' because plaintiff testified positively that her mother performed services for her, and no witness testified to the contrary; that the court's charge had the effect of letting the jury think that this issue was contested, when in fact it was not an issue, there being no denial that the mother performed services for plaintiff."

The charge does not show harmful error for any reason assigned. It is evident from the verdict itself that the jury did not consider the deceased's earnings in arriving at the amount of damages. If it did, in fact, the harm was to defendants and not to the plaintiff. As to ground F, while the plaintiff's testimony on the question of services was uncontradicted, other parts of her testimony were contradicted, and the jury was not bound to accept her testimony as to services if her testimony in other respects was disbelieved.

7. The court charged the jury: "In case you find for the plaintiff let your verdict be in one lump sum, not in separate amounts." It is contended that the vice in this charge is that it deprived the plaintiff of the right to recover $20,000 from the bus company and its driver because the insurance company was only liable under the pleadings and evidence for $10,000. Whether such a charge could have been harmful under other circumstances it was not harmful in this case as the jury found a verdict for $2000 against all defendants.

8. Plaintiff excepts to a refusal of the court to give a part of a request to charge as follows: "She contends that she has suffered, because of her [mother's] untimely death, untold grief and heartache." The refusal to give this part of the request to charge was not error for the reason that plaintiff's pain and suffering were not proper elements of damages in such a case. *Glawson* v. *Southern Bell Telephone &c. Co.*, 9 *Ga. App.* 450 (71 S. E. 747); *Southern Bell Telephone &c. Co.* v. *Reynolds*, 139 *Ga.* 387 (77 S. E. 388).

9. That the court communicated with the jury between 10:30 p. m. and midnight, without the knowledge or consent of plaintiff,

dealing with their remaining together at the court-house for the night, is not cause for a new trial, no injury being shown; and especially in view of the trial judge's note to this ground. The note is as follows: "When court adjourned for the afternoon I instructed the sheriff to see if he could arrange a place for the jury to sleep in case it did not agree on a verdict in a reasonable time during the night. In about an hour he informed me that he had been unsuccessful—that the hotels were crowded and that there was no other available place. About 10:30 o'clock p. m., I returned to the court-house alone and went to the jury-room door and told the jury I had tried to arrange a place for it to sleep for the night but had been unsuccessful, and that there was no other place for it to stay for the night but in the jury room. I never communicated with it about the case."

10. The fact that the jury was required to deliberate in the jury-room from late in the afternoon on through the night is not cause for a new trial especially in view of the judge's note (division 9 above) to the effect that no accommodations were available and the fact that no motion to declare a mistrial was made. *Cato* v. *State,* 183 *Ga.* 277 (188 S. E. 337).

11. There was no error in overruling the motion for new trial on the general grounds. The court did not err in overruling the demurrer to the insurance company's answer or the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*