## 32155. WARREN v. GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY.

DECIDED OCTOBER 22, 1948. REHEARING DENIED NOVEMBER 11, 1948.

*S. Gus Jones*, for plaintiff.

*Hall & Bloch*, for defendant.

SUTTON, C. J. (After stating the foregoing facts.) ■ Error is assigned in special ground 1 of the motion for a new trial on the following charge of the court: "I charge you that accident means an event which takes place without one's foresight or expectation, an event which proceeds from an unknown cause and therefore, not expected. Now, should you find the plaintiff's injuries resulted from an accident, then the plaintiff can not recover." There is no contention that the above excerpt from the charge is not correct as an abstract principle of law, but plaintiff in error contends that there was not the slightest evidence that the injury to the plaintiff was the result of an accident, nor any evidence from which any reasonable inference of an accident could be drawn, and that the charge was confusing, misleading, and distracting to the jury. The defendant had pleaded accident and, according to James Early, the only eyewitness other than plaintiff in so far as is indicated by the record, the gangboard was good and did not buckle, witness did not swing the truck too hard, and plaintiff, by some means or another, missed the gang-

board and the car, and fell to the ground below. This witness said: "He never put his foot on the gangboard at all; he missed the whole outfit. He didn't strike the board nor the car. His feet went between the platform and the car. The gangboard didn't buckle to my knowings, it didn't buckle or give, nor either did the cleat move. It stayed there the balance of the day and was still cleated. That is a sign it was a good board"; and later he said: "I pushed it in like I pushed all the rest of them. I didn't try to push him around or try to push the float where it would push him off the board. We continued to truck freight into the car, somebody else helping me. We continued to use the same board the rest of the day." The plaintiff had already testified that the gangboard was a good one. The testimony of James Early, when considered together with that of the plaintiff, is sufficient to authorize the jury to find that there was no negligence on the part of the defendant which caused the injuries, and that the event was an "accident" as pleaded by the defendant. Accordingly, the charge of the court on "accident" was adjusted to the pleadings and evidence, and was not error as complained of in special ground 1 of the motion for a new trial. See Richter v. Atlantic Co., 65 Ga. App. 605, 608 (4) (16 S. E. 2d, 259), and citations.

■ In special grounds 2 and 4 of the motion error is assigned on the following charge: "I charge you that though the plaintiff may have fallen from the gangboard between the platform and the car, this would not authorize you, nothing more appearing, to presume that the defendant was negligent in any manner"; and in special grounds 3 and 5 of the motion error is assigned on the charge: "I charge you that though you find the board being used by the plaintiff buckled, that fact alone without more appearing, would not authorize you to find for the plaintiff"; and in special ground 6 of the motion error is assigned on the above two excerpts of the charge combined. The charge excepted to in these grounds of the motion pointed out to the jury that the mere proof of certain acts, standing alone, would not constitute negligence on the part of the defendant, and inferentially pointed out that there must be a causal connection between certain events and the injuries on which the action is based in order for such events to constitute actionable negligence. Immediately following the ex-

cerpt from the charge shown above the court said: "Now, if you find, by a preponderance of the evidence, that the plaintiff suffered injuries by reason of the negligence of his fellow employee, or by reason of not being provided a reasonably safe place for him to work, as alleged in the complaint as amended, and you find such negligence, if any, proximately caused, or was a contributing cause of plaintiff's injuries, you would find your verdict for the plaintiff. I charge you that if you find the defendant was not negligent in either of the particulars as pleaded, you would find for the defendant. I charge you that if you find the defendant or its employee other than the plaintiff was negligent in some particular, as alleged, but you further find such negligence was not the proximate cause of the plaintiff's injuries and was not a contributing cause entering into the proximate cause of his injuries, you would find for the defendant. Should you find the sole proximate cause of plaintiff's injuries was the negligence or carelessness of plaintiff, if he was negligent, you would find for the defendant." The charge on which error is assigned in these grounds, when considered in connection with the latter charge above quoted, clearly presented material issues in the case to the jury, and grounds 2, 3, 4, 5, and 6 of the motion are without merit, and the court did not err in overruling these grounds of the motion.

The verdict for the defendant was authorized by the evidence, no error of law appears, and the court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Parker, J., concurs. Felton, J., concurs in the judgment.*