32442.   BAGGETT *v.* JACKSON *et al.*

Decided May 21, 1949.   Rehearing denied June 22, 1949.

462

*C. E. Moore, E. L. Fowler,* for plaintiff in error.
*Bryan, Carter & Ansley,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ Error is assigned in special ground 1 of the motion for a new trial on the following charge of the court: "Gentlemen, an accident is

an occurrence where there is no negligence attributable to either of the parties, so an accident, if there be such in the case, would not be the basis for recovery." The plaintiff in error does not contend that the charge is erroneous as an abstract principle of law, but contends that it was not adjusted to the pleadings and evidence, and was misleading and confusing to the jury. An accident, in a strict legal sense, as applied to negligence cases, refers to an event which is not proximately caused by negligence, but instead arises from an unforeseen or unexplained cause. See *Stansfield* v. *Gardner*, 56 *Ga. App.* 634, 645 (193 S. E. 375); *Richter* v. *Atlantic Co.*, 65 *Ga. App.* 605, 608 (4) (16 S. E. 2d, 259); Code, § 102-103. But it is also "often used to indicate a happening which, although not wholly free from negligence by some person, was not proximately caused by a failure of either of the parties to a case to exercise ordinary care in the situation." *Eddleman* v. *Askew*, 50 *Ga. App.* 540, 542 (8) (179 S. E. 247). See, also, the *Richter* case, supra. The plaintiff in error here, as plaintiff in the court below, based her action on the alleged negligence of the defendant driver, and the defendants, by their answer, denied this negligence and attributed the occurrence to the negligence of the plaintiff. Considering the pleadings of the parties, one theory of the occurrence was that the event was not caused by the negligence of the parties involved in the litigation. When the evidence is considered, according to the testimony of the plaintiff, she was entirely across the highway and off the pavement before the truck struck her, which would indicate that she was not guilty of any negligence, but if, without rejecting this testimony, the testimony of the defendant driver is also considered, he did everything possible to avoid hitting the plaintiff with the truck. This would eliminate negligence of the parties, and bring the case within the meaning of accident as charged by the court, and under these circumstances the charge on accident was adjusted to the pleadings and evidence. See, in addition to the cases cited supra, *Warren* v. *Georgia Southern & Florida Ry. Co.*, 77 *Ga. App.* 886 (1) (50 S. E. 2d, 128). The charge of the court on accident in the present case was not error.

Furthermore, in the present case the verdict, although small, was returned in favor of the plaintiff. Under the charge as given the only possible verdict the jury could have found, in order to

apply the charge on accident to the case, would have been a verdict in favor of the defendant. It follows that the jury did not apply the charge on accident to the case, but attributed the occurrence to negligence, and under these circumstances it would not appear that the charge was confusing or misleading, or in any way harmful error to the plaintiff, irrespective of whether or not it was adjusted to the pleadings and evidence. In this connection see *Hunt* v. *Western & Atlantic Railroad*, 49 *Ga. App.* 33, 36 (174 S. E. 222); *L. P. Gunson & Co.* v. *Garrett*, 53 *Ga. App.* 717, 719 (3) (186 S. E. 849); *Groover* v. *Cudahy Packing Co.*, 61 *Ga. App.* 707, 708 (3) (7 S. E. 2d, 287); *Walker* v. *Southeastern Stages*, 68 *Ga. App.* 320, 323 (3) (22 S. E. 2d, 742); *Joyce* v. *Dalton*, 73 *Ga. App.* 209, 216 (36 S. E. 2d, 104).

The case of *Riggs* v. *Watson*, 77 *Ga. App.* 62 (47 S. E. 2d, 900), cited by the plaintiff in error, is distinguishable from the case at bar, as there the charge on accident gave the defendants the benefit of a defense not pleaded nor sustained by the evidence, the controlling issue there being whether or not a child of the age of 5 years, 2 months, and 25 days could be chargeable with negligence, and this court held that the child in that case was too young, immature, and inexperienced to be chargeable with contributory negligence. The child in that case was killed and the verdict was for only $750. In the present case the jury was authorized to find the verdict it did find because of the alleged negligence of the plaintiff as compared with the negligence charged to the defendant, and this feature of the case is dealt with in divisions 3 and 4 of this opinion.

■ Special ground 2 of the motion assigns error on the charge of the court on emergency, the contention of the plaintiff in error in this respect being that the charge was not adjusted to the pleadings and evidence, and was misleading and confusing to the jury. No contention is made that the charge was erroneous as a matter of law. The charge of the court on emergency was as follows: "Our law provides that if a person is confronted or threatened with imminent danger, he is not held to the same circumspection of conduct as he would be if he were acting without the compulsion of the emergency." It appears from the testimony of the defendant driver that he first saw the plaintiff at the mail box on the opposite side of the highway from him, and

sounded his horn as a warning, that a bus coming toward him obscured his view momentarily, and that he next saw the plaintiff proceeding across the highway in front of him, and that he did all he could, under the circumstances, to avoid hitting the plaintiff. This evidence would authorize the charge on emergency. "A person threatened with an imminent danger is not held to the same circumspection of conduct that he would be held to if he were acting without the compulsion of the emergency. A person has a right to choose even a dangerous course, if that course seems the safest one under the circumstances." *Pacetti* v. *Central of Ga. Ry. Co.*, 6 *Ga. App.* 97, 102 (64 S. E. 302). See, also, *Brown* v. *Savannah Electric &c. Co.*, 46 *Ga. App.* 393, 399 (167 S. E. 773); *Horton* v. *Sanchez*, 57 *Ga. App.* 612 (195 S. E. 873). No error is shown by the charge of the court on emergency.

■ In special ground 3 error is assigned on the charge of the court on comparative negligence. The charge, in this respect, was as follows: "If the plaintiff and defendant are both negligent, the plaintiff may recover, but the amount of damages should be diminished by the jury in proportion to the amount of fault attributable to her. That's what we know as contributory or comparative negligence. If there was negligence both ways and the negligence of the defendant was greater than that of the plaintiff, then the amount which she would otherwise have received on that account would be reduced by you in proportion to the amount of negligence attributable to her." No contention is made that the charge does not correctly state the law of comparative negligence in force in this State, but the plaintiff in error contends that it was not adjusted to the pleadings and evidence, and was misleading and confusing to the jury. The defendants pleaded that the cause of the occurrence was the negligence of the plaintiff. The evidence indicates that the plaintiff was injured at a point on the highway where the view was relatively unobscured in both directions and that she was struck by a truck coming in one direction on the highway, immediately after a bus had passed her going in the other direction. The driver of the truck testified he saw her immediately before the bus passed her, while she was standing on the edge of the road at the mail box, and sounded his horn, and that when the bus passed she had moved out in the highway directly in front of him. Under the

circumstances it would be reasonable to infer that she saw or heard the truck, or should have seen or heard the truck, just before the bus passed, and would act accordingly in attempting to cross the highway. She was under a duty, in the exercise of ordinary care, to watch for traffic on the highway before crossing, and the defendant driver, in the exercise of ordinary care, was under a duty to look out for pedestrians crossing the highway. Both were lawfully upon the highway. Whether or not the negligence of the plaintiff, if any, in crossing at the time and place in question, combined with the negligence of the defendant driver, if any, in causing the plaintiff's injuries, was a question for the jury to determine. Where an injury is the result of the plaintiff's own negligence, or where the plaintiff fails to exercise proper care for his or her own safety on discovering the negligence of the defendant, or where by the exercise of ordinary care he or she could have avoided the defendant's negligence, there can be no recovery; but even though the plaintiff was negligent in some manner, where the defendant's negligence contributed to the injury and was of a greater degree than the plaintiff's negligence, the plaintiff could still recover, although recovery would be diminished in proportion to the negligence of the plaintiff compared with that of the defendant. But where the negligence of the plaintiff and defendant are equal, or the negligence of the plaintiff is greater than that of the defendant, the plaintiff cannot recover. This is a matter for the jury to determine from the evidence. See *Pollard* v. *Heard,* 53 *Ga. App.* 623, 626 (186 S. E. 894) ; *Rogers* v. *McKinley,* 48 *Ga. App.* 262 (172 S. E. 662). Under the facts of this case, the charge of the court on comparative negligence was authorized, and was not error for any reason assigned. See, in this connection, Code, § 105-603; *Central of Georgia Ry. Co.* v. *Hill,* 21 *Ga. App.* 231 (2) (94 S. E. 50) ; *Barnes* v. *Kittrell,* 55 *Ga. App.* 319, 321 (3) (190 S. E. 39) ; *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 421, 425 (60 S. E. 1056) ; *Western & Atlantic R. Co.* v. *Cotter,* 132 *Ga.* 461 (64 S. E. 474) ; *Central of Georgia Ry. Co.* v. *Madden,* 135 *Ga.* 205 (7) (69 S. E. 165, 31 L. R. A. (N. S.) 813, 21 Ann. Cas. 1077).

■ The plaintiff in error complains that the verdict of $500 was inadequate. Inasmuch as the evidence authorized the jury to apply the rule of comparative negligence and the judge charged

the jury in this respect, and an application of the law could, under a finding that the plaintiff was negligent almost to the same extent as the defendant, reduce the damages recoverable virtually to the point of extinction, there is no basis for this court to justify an inference of gross mistake or undue bias, and the verdict should not be disturbed for this reason. See Code, § 105-2015; *Hunt* v. *Western & Atlantic Railroad,* 49 *Ga. App.* 33 (174 S. E. 222).

■ The verdict was authorized by the evidence, no error of law appears, and the trial judge did not err in overruling the plaintiff's motion for a new trial.

Pursuant to the Act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code, Ann. Supp., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Gardner and Parker, JJ., concur. Felton and Townsend, JJ., dissent.*

FELTON, J., dissenting. I dissent from the judgment for the reasons that the court erred in charging on accident when there was no question of accident in the case; because the court erred in charging on emergency without confining the applicability of the principle, as applied to the defendant, to instances where the emergency *was not caused by the negligence of the defendant,* in which event the defendant would not be entitled to the benefit of the principle. *Cone* v. *Davis,* 66 *Ga. App.* 229 (17 S. E. 2d, 849). The verdict for $500 was wholly inadequate if the defendant was more than 50% negligent, as the jury found. Either the jury was misled by the erroneous charges, or acted through gross mistake or bias, or they were mistaken in finding for the plaintiff at all. See also *Riggs* v. *Watson,* 77 *Ga. App.* 62.

I am authorized to state that TOWNSEND, J., concurs in this dissent.