## 33263. BRYSON *v.* LEE.

DECIDED DECEMBER 1, 1950.

*Marvin A. Allison, Charles C. Pittard,* for plaintiff.

*A. G. Liles, H. Rhodes Jordan,* for defendant.

FELTON, J. 1. The general grounds and special ground three of the amended motion for new trial complain that the verdict was insufficient in view of the evidence. It is sufficient to say, without setting out the evidence, that the evidence was conflicting as to the cause of deceased's death, and in view of such conflict, the jury was authorized to find that both plaintiff and deceased were negligent, to determine the negligence of each, and to return a verdict consistent therewith based on the comparative-negligence doctrine. The evidence authorized the verdict returned.

2. Special ground one of the amended motion complains of the failure of the court to charge, without request, the law defining preponderance of the evidence. "No request being made to charge as to the burden of proof, or the preponderance of evidence, mere failure to charge on these topics will not require a new trial." *Askew* v. *Amos,* 147 *Ga.* 613 (5) (95 S. E. 5) and citations; *Campbell* v. *Dysard Construction Co.,* 40 *Ga. App.* 328 (149 S. E. 713).

3. Special ground two of the motion contends that the court erred in failing to charge that the following specifically alleged acts of negligence constituted negligence per se: "In driving said automobile at said time and place at an unlawful reckless rate of speed and in excess of 55 miles per hour," "In failing to have said vehicle under control so as to avoid hitting Mr. Bryson," and "In failing to give any signal by blowing his horn or otherwise at said time and place." The court did charge that no vehicle shall be operated on a public street or highway at a speed exceeding 55 miles per hour and that violation of such speed law constituted negligence per se. The question as to whether or not the other two acts alleged constituted negligence in any instance was one for the jury to determine from the circumstances surrounding their alleged commission. The remainder of this ground is incomplete because it refers to a portion of the record

not incorporated in the motion for new trial and that portion of the record is indispensable to a consideration of the alleged errors complained of.

4. Special ground four of the amended motion complains of the exclusion of the following testimony as being a conclusion of the witness: "Q. If Mr. Lee, the driver of the car, had kept his car on the right side of the road and come on straight, would he have struck Mr. Bryson?" "A. No, sir," in that the witness had previously stated the facts on which the question was based. It was not error to exclude such testimony. Whether the defendant was guilty of negligence in not driving his car so as to avoid striking plaintiff's husband was a question for the jury, and not a subject on which a witness could express his opinion under the circumstances. *Walker* v. *Southeastern Stages*, 68 *Ga. App.* 320, 322 (2) (22 S. E. 2d, 742).

The court did not err in overruling the amended motion for a new trial.

*Judgment affirmed.* *Sutton, C.J., and Worrill, J., concur.*