56632. CONVERSE et al. v. O'KEEFE et al.

SMITH, Judge.

Appellants' appeal concerns the sufficiency of the evidence to support the verdict, the propriety of the admission of certain evidence, and the correctness of the trial court's charge. We find no harmful error and affirm.

Appellants, husband and wife, sued for damages brought on by a collision between a car driven by Mrs. Converse and one driven by appellee O'Keefe. The evidence introduced at trial authorized jury findings that

Mrs. Converse, after having seen O'Keefe proceeding along behind her, made a sudden, unsignaled stop in order to avoid hitting a car which had halted in front of her, that the car in front of her moved on, and that O'Keefe's car struck Mrs. Converse's in the rear. According to Mrs. Converse, O'Keefe was traveling at a speed of about 30 miles per hour at the time she sighted him. The evidence also warranted jury findings that the highway in front of Mrs. Converse was clear of traffic at the moment of impact; that, just before the accident, O'Keefe was traveling at a speed of 10 miles per hour and at a distance of about 2 car lengths from Mrs. Converse's car; and that O'Keefe, not realizing until too late that Mrs. Converse had stopped, braked to no avail and struck her while he was traveling at a speed of 5 miles per hour.

1. Contrary to appellants' contention, the evidence was sufficient to support the verdict for appellees. The jury might properly have concluded, for instance, that Mrs. Converse negligently failed to signal her stop and that that negligence was greater than the negligence of O'Keefe. See *Baggett v. Jackson,* 79 Ga. App. 460 (3) (54 SE2d 146) (1949). " 'All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to the following vehicles of his intention so to do." *Malcom v. Malcolm,* 112 Ga. App. 151, 155 (144 SE2d 188) (1965).

Alternatively, the jury was authorized to conclude that Mrs. Converse should have been aware of O'Keefe's negligence and avoided its consequences. *Baggett v. Jackson,* supra. Mrs. Converse admitted she sighted O'Keefe's car *before* she stopped. Also, the evidence indicated that, at the time of the collision, the road in front of her was clear. The jury therefore might properly have decided that she reasonably should have taken action to avoid O'Keefe's oncoming vehicle.

Finally, the jury also was authorized to conclude that O'Keefe's actions did not constitute negligence due to the

emergency situation created by Mrs. Converse's sudden, unsignaled stop. " 'Anything which operates to deprive a person of ability to exercise his intellectual powers and guide his acts thereby will relieve him of an imputation of negligence that otherwise might arise from his conduct. Emergencies or sudden perils illustrate this proposition. The rule judicially stated is that one who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence.' " *Bryant v. Ga. R. &c. Co.,* 162 Ga.. 511, 517 (134 SE 319)(1926).

2. Assuming the admission of certain testimony and evidence was error, we hold the error to have been harmless because evidence and testimony concerning substantially the same subject matter were admitted on other occasions, without objection. *Rogers v. Manning,* 200 Ga. 844 (1) (38 SE2d 724) (1946); *Eiberger v. Martel Electronic Sales,* 125 Ga. App. 253 (6) (187 SE2d 327)(1972).

3. As our holding in Division 1, supra, indicates, the trial court was correct to instruct the jury on the doctrines of emergency and avoidance.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED OCTOBER 3, 1978 — DECIDED JANUARY 11, 1979.

*Ross & Finch, Charles E. McCranie,* for appellants.
*Powell, Goldstein, Frazer & Murphy, Morris Weinberg, Jr., Eugene G. Partain,* for appellees.