77526. AUSTELL ROAD DEVELOPMENT ASSOCIATES
v. DEPARTMENT OF TRANSPORTATION.
(378 SE2d 128)

BANKE, Presiding Judge.

In connection with the widening of Austell Road in Cobb County, the Department of Transportation condemned approximately 30,000 square feet of a 25-acre tract owned by the appellant. The tract was zoned for shopping center development. The appellant sought compensation for the taking in the total amount of $348,250, which included $160,000 in alleged consequential damages resulting from the reduction in the size of the shopping center which could be built on the property. This appeal is from a judgment entered on a jury verdict awarding compensation in the total amount of $61,410.

The appellant-condemnee's sole enumeration of error is directed

to the court's refusal to exclude certain testimony revealing that, at a time subsequent to the taking, an altogether different road known as the "East-West Connector" had been extended across Austell Road and through a portion of the condemnee's remaining property. At the time of the taking, the East-West Connector had terminated at Austell Road directly across from the condemnee's property. The condemnee contends that because the extension of the connector increased the value of its remaining property at a date subsequent to the taking, any discussion of it would have confused the jurors and led them to discount the amount of consequential damages caused by the taking under consideration in the present case. *Held*:

We find this enumeration of error to be without merit for at least two reasons. First, the expert testimony offered by the condemnee in support of its claim for consequential damages did not in fact purport to establish the amount, if any, by which the value of the remainder had diminished as a result of the taking. See generally *Wright v. MARTA*, 248 Ga. 372, 373 (283 SE2d 466) (1981). Rather, it purported to show the extent to which the value of the entire tract, including the land taken, had diminished as a result of the fact that the taking had reduced the total amount of land available to the condemnee for shopping center development. Clearly, an award based on this testimony would not have compensated the appellee for any diminution in the value of the remainder but would instead have compensated him twice for the value of the land taken.

A second reason this enumeration of error is without merit is because testimony concerning the placement of the East-West Connector had already been elicited without objection. In an effort to show that the condemnor had undervalued the land taken, the condemnee had introduced evidence showing that, subsequent to the taking, it had received a much larger per-acre price from the sale of a portion of its remainder to Exxon Corporation. The sale price of this parcel had been set in an option agreement signed six months prior to the taking, at a time when, according to the condemnee, the extension of the East-West Connector had not yet been funded. However, attached to and forming a part of the option agreement was a drawing which showed that the parcel was located precisely at the intersection of Austell Road and the proposed connector extension. While cross-examining one of the condemnee's principals regarding this sale, counsel for the condemnor sought to establish, as he was entitled to do, that one of the factors influencing the relatively high sale price received for this property had been the purchaser's evident expectation that the connector would ultimately be extended across the condemnee's property. Inasmuch as testimony concerning the connector extension was thus already before the jury, we conclude that the subsequent admission of the testimony objected to would not have constituted

ground for reversal, even had it constituted error. See generally *Converse v. O'Keefe*, 148 Ga. App. 675, 677 (2) (252 SE2d 92) (1979).
*Judgment affirmed. Birdsong and Beasley, JJ., concur.*

DECIDED JANUARY 3, 1989 —

Land condemnation. Cobb Superior Court. Before Judge White.
*Johnson & Montgomery, Harmon W. Caldwell, Jr., Karen K. Karabinos, Wade H. Watson III*, for appellant.
*Flournoy & Evans, Charles A. Evans, Michael J. Bowers, Attorney General*, for appellee.